**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ADP, INC., a foreign corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0372-CVE-SAJ |
| | ) | |
| **UTILITY TRI-STATE, INC., an** | ) | |
| **Oklahoma corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Dismiss Counterclaim (Dkt. # 17) filed by plaintiff ADP, Inc. ("ADP"). Plaintiff filed a complaint on July 18, 2006 alleging that defendant Utility Tri-State, Inc. ("Utility") breached the Master Service Agreement ("Agreement"), which was signed by defendant on May 31, 2005 and plaintiff on June 20, 2005. On August 8, 2006, Utility filed an answer to the complaint (Dkt. # 14) and filed a counterclaim against ADP (Dkt. # 15) alleging breach of contract and fraud. Plaintiff now moves to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8, and Fed. R. Civ. P. 9(b). Plaintiff argues that Utility's counterclaim of fraud was not pleaded with particularity, as required by Fed. R. Civ. P. 9(b). It also argues that the counterclaim fails to specify any conduct or fact that could constitute any breach of contract; thus, it fails to meet the requirements set forth in Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6).

**I.**

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the allegations of the [counterclaim] as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be

cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the [defendant] can prove no set of facts in support of his [its] counterclaim] which would entitle [it] to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

## II.

The Court will first consider whether Utility's counterclaim sufficiently sets forth a claim for fraud. Fed. R. Civ. P. 9(b) requires the party asserting a claim to set forth the "circumstances constituting fraud or mistake . . . with particularity." In order to satisfy Rule 9(b), the party must identify the acts or circumstances constituting fraud, but any averments of intent or knowledge can be made generally. Seattle-First Nat. Bank v. Carlstedt, 800 F.2d 1008, 1011 (10th Cir. 1986); Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). The complaint must at least "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Koch v. Koch Indus., 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting Lawrence Nat. Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir. 1991)). The Court must accept the allegations stated in the pleading as true and the complaint/counterclaim should not be dismissed unless it appears beyond doubt that there is no set of facts which would entitle the party who asserts the claim to relief. Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1988).

Here, Utility's counterclaim states that on or about June 2005, Utility was solicited by plaintiff to enter into the Agreement, which provided for Utility's purchase, acquisition, and use of

software licences, equipment, services, support and maintenance for Utility use in its business. Dkt. # 15, ¶ 8. The counterclaim further states, "As a result of representations and inducements made by Plaintiff to Utility, Utility, in reliance upon representations, inducements and assurances, executed Plaintiff's form agreement [i.e. the Agreement]." Id. Paragraph 9 of the counterclaim states, "Soon after utilizing ADP's product, Utility discovered that Plaintiff's product would not perform as represented and warranted." Id., ¶ 9. In its fraud claim, Utility continues, "Plaintiff induced Utility into the contract between the parties by making material misrepresentations of fact which Plaintiff knew or should have known were false when made; which Plaintiff communicated with the express intent that Utility rely; Utility justifiably relief upon said representations and misrepresentations which caused financial detriment to Utility and for which Utility has incurred actual and consequential damages in excess of $10,000." Id., ¶ 18.

Plaintiff contends, and the Court agrees, that defendant's counterclaim for fraud is not pleaded with sufficient particularity, as required by Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to afford plaintiff fair notice of defendant's counterclaim and the factual ground upon which it is based. Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 987 (10th Cir. 1992); Schwartz, 124 F.3d at 1252. Utility's counterclaim of fraud does not provide the plaintiff with information on the "time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Lawrence Nat. Bank, 924 F.2d at 180. The mere indication that the alleged fraud took place sometime around June 2005 is not sufficient. Most importantly, Utility fails to indicate the contents of the false representations and the consequences thereof. The Court recognizes that "the requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8," which requires pleadings to be simple, concise, and construed as to do

substantial justice. Schwartz, 124 F.3d at 1252. Thus, the Court does not require that plaintiff set forth a lengthy account of the alleged fraud. Nonetheless, to comport with the requirements of Rule 9(b), the counterclaim must provide more specific information so as to provide ADP with notice of Utility's claim.

In its response to plaintiff's motion to dismiss counterclaim, Utility requests that, to the extent the Court determines that the counterclaim is procedurally deficient, the Court grant Utility leave to amend its counterclaim to cure such deficiency. The district court has discretion to grant leave to amend when warranted by the circumstances. Here, the Court sees no reason to deny Utility's request to cure the deficiency in its counterclaim for fraud. Thus, the Court grants such leave and instructs Utility to submit an amended counterclaim that pleads fraud with particularity, as required by Fed. R. Civ. P. 9(b).

### III.

Plaintiff also argues that Utility's counterclaim fails to set forth a claim for breach of contract under Fed. R. Civ. P. 8. Fed. R. Civ. P. 8 reads, in pertinent part:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). The Court notes that the standard for pleading under Rule 8 is less rigorous than that under Rule 9.

Plaintiff argues that the counterclaim does not allege any violations of any warranties or contractual provisions set forth in the Agreement and notes that the Agreement contains language

disclaiming liability for warranties. However, Utility correctly notes that whether ADP is entitled to defeat Utility's breach of contract claim is an issue to be decided on the merits of the case. Moreover, Utility notes that, despite some language disclaiming warranties, the contract includes an express warranty provision. See Dkt. # 2, Ex. A, Master Service Agreement, at 12. Utility claims that the products provided by plaintiff did not perform as represented and warranted. The fact that the counterclaim does not point to this specific express warranty provision is not problematic. Indeed, the Court notes that plaintiff, in its complaint, does not point to the precise provisions of the contract which it alleges defendant breached. In sum, the Court finds that Utility's counterclaim sufficiently sets forth a plain and concise statement of its breach of contract claim under Rule 8. Whether Utility can succeed on its breach of contract claim given the contractual provisions limiting plaintiff's liability concerns the merits of this case and ought not be decided at this juncture. Therefore, plaintiff's motion to dismiss defendant's breach of contract counterclaim under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6) is denied.

**IT IS THEREFORE ORDERED** that Motion to Dismiss Counterclaim (Dkt. # 17) filed by plaintiff ADP, Inc. is **granted in part and denied in part**. It is **granted** insofar as defendant Utility Tri-State, Inc.'s counterclaim alleging fraud does not comport with the pleadings requirements of Fed. R. Civ. P. 9(b). However, the Court denies defendant's motion to dismiss the counterclaim for fraud based on this deficiency; rather, the Court grants defendant leave to amend its counterclaim to comport with the requirements of Fed. R. Civ. P. 9(b). Plaintiff's motion is **denied** insofar as defendant's breach of contract counterclaim is sufficient under Fed. R. Civ. P. 8 and ought not be dismissed under Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that defendant Utility Tri-State, Inc. is ordered to file an amended counterclaim setting forth its claim for fraud with particularity to comport with Fed. R. Civ. P. 9(b) no later than **November 30, 2006.**

**DATED** this 20th day of November, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6